UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GERALD W. JOHNSON, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § |
| | § |
| MICHELLE JOHNSON, | § |
| SCOTT JOHNSON, | §   CIVIL ACTION NO. H-05-0203 |
| TONY FOURROUX, in his individual | § |
| capacity, | § |
| TOM EVANS, | § |
| GAIL EVANS, | § |
| and | § |
| BARBARA RANGEL CERVANTES, | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant Fourroux's motions to dismiss or for more definite statement, for an order compelling Plaintiff to reply to Fourroux's assertion of qualified immunity, and for a stay of discovery pending resolution of the immunity issue. As announced at the hearing held on March 28, 2006, the Court finds that the motions, Docket Nos. 15, 18, and 19, should be and hereby are **GRANTED**. Plaintiff is hereby **ORDERED** to file, within thirty (30) days of the issuance of this Memorandum and Order, a response to Fourroux's assertion of qualified immunity and, in the same document or separately, a more definite statement setting forth the acts and/or omissions upon which Plaintiff's claim against Fourroux are based. Discovery concerning Plaintiff's claim against Fourroux is hereby **STAYED** until further order of this Court.

I.      BACKGROUND

On the morning of January 20, 2003, Plaintiff found his son, Jeffrey Wayne Johnson ("Jeffrey"), dead at Jeffrey's home in Bellville, Texas. Plaintiff called for emergency assistance, and Fourroux, an Austin County deputy sheriff, was the first officer to respond. Fourroux was off-duty at the time but indicated that he had heard the call on his police scanner. Jeffrey's body was delivered to the Harris County medical examiner, who discovered that, in addition to the gunshot wound, Jeffrey had a deep laceration in one wrist. The medical examiner declared Jeffrey's death a suicide. Plaintiff then filed the instant suit, alleging, *inter alia*, that Fourroux violated 42 U.S.C. § 1983 and the Fourteenth Amendment by denying Plaintiff the equal protection of the laws. Fourroux now moves to dismiss the claim against him or, in the alternative, for a more definite statement. He also moves for an order requiring Plaintiff to reply to his assertion of qualified immunity and for a stay of discovery pending such reply.

II.     ANALYSIS

  A.    The Motion to Dismiss/Motion for More Definite Statement

Fourroux first asks that the Court dismiss Plaintiff's claim against him, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Fourroux argues that Plaintiff's claim is vague and does not set out in sufficient detail the basis for Plaintiff's claims against Fourroux. In the event that the Court declines to dismiss Plaintiff's claim on these grounds, Fourroux asks that Plaintiff be ordered to file a more definite statement of his claim.

The Federal Rules of Civil Procedure do not require that a § 1983 equal protection claim be pled with particularity. *See Leatherman v. Tarrant County Narcotics*

2

*Intelligence*, 507 U.S. 163, 167-69 (1993) (expressly abrogating the Fifth Circuit's heightened pleading requirement for § 1983 suits). These claims are, rather, governed by the liberal notice pleading standard set out in FED. R. CIV. P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's First Amended Complaint does not, however, satisfy even the relatively minimal requirements of Rule 8(a).

Plaintiff fails to allege, as he must to state an equal protection claim, that "similarly situated individuals were treated differently" than he was. *Wheeler v. Miller*, 168 F.3d 241, 252 (5th Cir. 1999). In fact, he makes no allegations at all concerning Fourroux's treatment of Plaintiff himself. The Court is loath, however, to dismiss Plaintiff's Complaint without affording him an opportunity to cure this defect. Accordingly, Fourroux's motion for a more definite statement is **GRANTED**, and Plaintiff is **ORDERED** to file and serve a more definite statement within thirty (30) days of the issuance of this Memorandum and Order.

### B.   The Motion for an Order Requiring Reply

FED. R. CIV. P. 7(a) permits the Court to order a party to reply to an Answer. Fourroux requests the Court to enter such an order, requiring Plaintiff to reply to Fourroux's assertion of qualified immunity. Fourroux argues that, because qualified immunity shields public officials not only from liability but also from suit, Plaintiff should be required to address that issue at the outset of this action.

The Fifth Circuit has expressly endorsed the use of 7(a) replies in cases such as the one at bar:

> A district court must insist that a plaintiff suing a public official under § 1983 file a short and plain statement of his complaint, a statement that

>rests on more than conclusions alone. . . . [T]he court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity. Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist.

*Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995). Here, there can be no doubt that greater detail will assist the Court in evaluating both Plaintiff's claim and Fourroux's defense. Accordingly, Fourroux's motion for a Rule 7(a) reply is hereby **GRANTED**, and Plaintiff is hereby **ORDERED** to file such a reply within thirty (30) days of the issuance of this Memorandum and Order. Plaintiff may, if he chooses, incorporate the reply and the more definite statement ordered above into a single document.

### C. The Motion to Stay Discovery

As the Court has already noted, qualified immunity is a defense to suit as well as to liability. The Supreme Court has held that discovery should not commence until this threshold issue has been resolved. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Fourroux's motion to stay discovery is, therefore, **GRANTED**, and discovery is hereby **STAYED** until further order of this Court. A proposed, revised scheduling order should be submitted by the parties, if necessary, after Plaintiff has made the submissions contemplated by this Memorandum and Order and after the Court has resolved the issues of qualified immunity and the sufficiency of pleadings.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 28th day of March, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**